Filed 1/12/16  P. v. Wilson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>MICHAEL ANDREW WILSON,<br><br>　　　Defendant and Appellant. | D067627<br><br><br>(Super. Ct. No. SCS266698) |

APPEAL from a judgment of the Superior Court of San Diego County, Ana España, Judge.  Affirmed.

Eric A. Dumars, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Michael Andrew Wilson appeals from a judgment of commitment following a finding he violated the terms of his probation from a prior conviction.  Wilson's brief on appeal, filed by appointed appellate counsel, presents no argument for reversal, but

invites this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Wilson did not respond to separate invitations from appellate counsel and from this court to file a supplemental brief. After independently reviewing the entire record for error as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende*, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On October 18, 2013, Wilson pleaded guilty to one felony count of inflicting corporal injury to Flordelisa Naliza, a person with whom he was formerly cohabiting, in violation of Penal Code section 273.5, subdivision (a). The court sentenced Wilson to three years of probation and entered a Criminal Protective Order — Domestic Violence that restricted him from harassing or otherwise contacting the victim, Naliza (Protective Order). In addition, one of the specific conditions of probation was that Wilson not contact Naliza.

On November 29, 2014, after being contacted by Naliza who was concerned for her own safety, the police arrested Wilson and charged him with violating the Protective Order. Upon further investigation, the probation department learned that Wilson had been living with Naliza for approximately six months — which, the department contended, resulted in Wilson's knowing violations of the Protective Order and the terms of his probation that precluded him from contacting Naliza and required him to report (and obtain approval of) any change of address within 72 hours of a change.

Wilson denied the formal accusations, and the trial court presided over a contested evidentiary hearing for the alleged probation violations on January 30, 2015. Wilson

2

testified at the hearing, admitting that he had been living with Naliza at an address he had not reported to the probation department. The court found that Wilson had violated the terms of his probation and, consistent with the recommendation from the probation department, revoked probation and sentenced Wilson to the middle term of three years.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal; mentions no possible, but not arguable issues, pursuant to *Anders*, *supra*, 386 U.S. 738; and asks this court to review the record for error as mandated by *Wende*, *supra*, 25 Cal.3d 436. Counsel invited Wilson to file a brief on his own behalf, we granted Wilson permission to file a brief on his own behalf, but Wilson has not responded.

Our review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, has disclosed no reasonably arguable appellate issues.

Wilson has been adequately represented by counsel in this appeal.

## DISPOSITION

The judgment is affirmed.

IRION, J.

WE CONCUR:


McDONALD, Acting P. J.


O'ROURKE, J.

3